UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 6:23-cv-02402

KEIGELYAN HERNANDEZ, as Personal
Representative of the ESTATE OF JOSE
ANGEL HERNANDEZ, deceased,

       Plaintiff,

vs.

HELIDOSA AVIATION GROUP, S.A,

       Defendant.

_____/

**DEFENDANT HELIDOSA AVIATION GROUP S.A.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF
PERSONAL JURISDICTION OR, ALTERNATIVELY, *FORUM NON
CONVENIENS* AND INCORPORATED MEMORANDUM OF LAW**

Defendant Helidosa Aviation Group, S.A. (currently known as Panorama Jets,
S.A. and hereinafter "Helidosa"), by and through undersigned counsel and pursuant
to Federal Rule of Civil Procedure 12(b)(2) and the doctrine of *forum non
conveniens*, hereby submits its Motion to Dismiss Plaintiff's Amended Complaint
for Lack of Personal Jurisdiction or, alternatively, *Forum Non Conveniens* and
Incorporated Memorandum of Law.

# TABLE OF CONTENTS

**Page**

PROCEDURAL HISTORY AND RELEVANT FACTS ........................................1

ARGUMENT ....................................................................................................5

I.    STANDARD OF REVIEW ...................................................................5

II.    THE MONTREAL CONVENTION EXCLUSIVELY GOVERNS ....6

III.    PERSONAL JURISDICTION OVER HELIDOSA IS LACKING .....7

    A.    Florida's Long-Arm Statute Does Not Confer Jurisdiction Over Helidosa.........................................................8

        1.    There Is No Prima Facie Showing Of General Jurisdiction Under Fla. Stat. §48.193(2) .......................11

        2.    There Is No Prima Facie Showing Of  Specific Jurisdiction Under Fla. Stat. §48.193(1)(a)(1) ..............13

        3.    There Is No Prima Facie Showing Of Specific Jurisdiction Under Fla. Stat. §48.193(1)(a)(6)(a) ..........16

    B.    The Exercise of Jurisdiction Over Helidosa Violates Due  Process................................................................19

        1.    Helidosa Is Not Subject To General Jurisdiction In Florida ........................................................................20

        2.    Helidosa Is Not Subject To Specific Jurisdiction In Florida. ......................................................................20

            a.    Plaintiff's Claim Does Not Arise From Or Relate To Helidosa's Actions In Florida .............21

            b.    Helidosa Did Not Purposefully  Avail Itself Of The Privilege Of Conducting Activities In Florida  ...........................................24

    c. Subjecting Helidosa To Jurisdiction In Florida Is Not Reasonable ....................................26

IV. THIS ACTION ARISING OUT OF A FOREIGN ACCIDENT SHOULD BE DISMISSED ON *FORUM NON CONVENIENS GROUNDS* ........................................27

  A. Plaintiff's Choice Of Forum Should Not Be Accorded Dispositive Weight.......................................................29

  B. The DR Is An Available And Adequate Forum .......................30

    1. The DR Is An Available Forum To Adjudicate Plaintiff's Claims...........................................30

    2. The DR Is An Adequate Forum To Adjudicate Plaintiff's Claims ...........................................31

  C. The Balance Of Private And Public Interests Favors Dismissal .................................................................32

    1. Private Interest Factors Strongly Favor Dismissal To The DR ......................................32

    2. Public Interest Factors Strongly Favor Dismissal To The DR ......................................38

CONCLUSION ......................................................................40

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Ava's Delights, LLC v Ecoview Am.,*
2021 WL 168465 (M.D. Fla. Jan. 6, 2021) ....................................................... 5-6

*Bernardele v. Bonorino*,
608 F. Supp. 2d 1313 (S.D. Fla. 2009) ..............................................................15

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017)........................................................................................12

*Burger King Corp. v. Rudzewicz*
471 U.S. 462 (1985)............................................................................................26

*Carmouche v. Tamborlee Mgmt., Inc.*,
789 F.3d 1201 (11th Cir. 2015) .........................................................................12

*Cavalieri v. Avior Airlines C.A.*,
2018 WL 4194080 (S.D. Fla. Aug. 10, 2018) .....................................................7

*Cheng v. Boeing Co.*,
708 F.2d 1406 (9th Cir. 1983) ...........................................................................36

*Daimler AG v. Bauman*,
571 U.S. 117 (2014).............................................................................11, 12, 20

*Dalton v. R & W Marine, Inc.*,
897 F.2d 1359 (5th Cir. 1990) ...........................................................................25

*De Ford v. Koutoulas*
2023 WL 2709816 (M.D. Fla. Mar. 30, 2023) ..................................................21

*Delgado v. Delta Air Lines*
2013 WL 9838339 (S.D. Fla. Oct. 31, 2013) .....................................................37

*Del Valle v. Trivago GMBH*
56 F.4th 1265 (11th Cir. 2022) ..........................................................................25

*El Al Israel Airlines, Ltd. v. Tseng*,
525 U.S. 155 (1999)..............................................................................................6

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,*
141 S. Ct. 1017 (2021) ...............................................................................20,21,24

*Fontaine v. Signature Research., Inc*
2016 WL 880527 (S.D. Fla. Mar. 8, 2016) ....................................................32,36

*Fraser v. Smith*,
594 F.3d 843 (11th Cir. 2010) ...............................................................................22

*Ford v. Brown*
319 F.3d 1302 (11th Cir. 2003) .............................................................................32

*Ganiko v. Ganiko,*
525 U.S. 155 (1999)...............................................................................................19

*GDG Acquisitions, LLC v. Gov't of Belize*,
749 F.3d 1024 (11th Cir. 2014) .............................................................................28

*Geodetic Services Inc. v. Metronor AS,*
2000 WL 1027222 (M.D. Fla. Feb. 9, 2000).........................................................5

*Gilles-Jean v. Royal Caribbean Cruises, Ltd.,*
2023 WL 6973586 (S.D. Fla. Aug. 28, 2023) ......................................................17

*Goldshteyn v. Am. Airlines*
2023 WL 9022560 (S.D. Fla. Dec. 29, 2023)..........................................................6

*Goldstein v. Hard Rock Cafe Int'l (USA), Inc.*,
519 F. App'x 653 (11th Cir. 2013) ........................................................................39

*Grp. CG Builders & Contractors v. Cahaba Disaster Recovery, LLC*
534 F. App'x 826 (11th Cir. 2013)........................................................................32

*Gulf Oil Corp. v. Gilbert,*
330 U.S. 501 (1947)...............................................................................................38

*Heghmann v. Hafiani*,
2021 WL 3486009 (M.D. Fla. July 14, 2021) ......................................................12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)...............................................................................................19

*Hinkle v. Cirrus Design Corp.*,
  775 F. App'x 545 (11th Cir. 2019) ....................................................15

*Hinkle v. Continental Motors, Inc.*
  2019 WL 6620467 (M.D. Fla. Jan. 14, 2019) ...................................40

*Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*,
  421 F.3d 1162 (11th Cir. 2005) ...................................................13,15

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..........................................................................27

*Jacob v. Korean Air Lines Co. Ltd.*,
  606 F. App'x 478 (11th Cir. 2015).....................................................6

*Jochem as Tr. of Hope Jochem Revocable Tr. U/A DTD 5/6/2000 v.*
  *NextGen Mgmt. Grp., LLC*,
  2022 WL 18465687 (S.D. Fla. Nov. 22, 2022) .................................25

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873 (2011)..........................................................................25

*Knepfle v. J-Tech Corp.*
  48 F.4th 1282 (11th Cir. 2022) ...........................................................9

*Kurdas v. Mendez*,
  2016 WL 3459485 (M.D. Fla. June 24, 2016) ..................................36

*Lapidus v. NCL Am. LLC*
  2013 WL 646185 (S.D. Fla. Feb. 14, 2013) ......................................19

*Leroy v. Great Western United Corp.*,
  443 U.S. 173 (1979)..........................................................................29

*Lewis v. Abbott Lab'ys, Inc.*,
  2020 WL 631595 (M.D. Fla. Feb. 5, 2020)..................................5,7,21

*Louis Vuitton Malletier, S.A. v. Mosseri*
  736 F.3d 1339 (11th Cir. 2013). ...................................................21,25

*Madara v. Hall*,
  916 F.2d 1510 (11th Cir. 1990) .........................................................26

*Martin v. Horn*
2019 WL 1866313 (N.D. Fla. Apr. 5, 2019) .......................................................29

*Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.,*
288 F.3d 1264, 1269 (N.D. Fla. Apr. 5, 2019) ....................................................5

*Milligan v. State Farm Mut. Auto. Ins. Co.,*
2018 WL 3352933 (M.D. Fla. June 15, 2018) ........................................... 16-17

*New Lenox Indus., Inc. v. Fenton,*
510 F. Supp. 2d 893 (M.D. Fla. 2007)......................................................... 9-10

*Newco MG, Inc. v. Perry,*
2012 WL 631562 (M.D. Fla. Feb. 28, 2012).......................................................35

*Northwestern Aircraft Capital Corp. v. Stewart,*
842 So. 2d 190 (Fla. 5th DCA 2003).................................................................17

*Otto Candies, LLC v Citigroup, Inc.*
963 F.3d 1331 (11th Cir. 2020) .........................................................................28

*Pelton v. Lowe's Home Centers, LLC,*
2021 WL 11490630 (M.D. Fla. Aug. 24, 2021) ...........................................11,12

*Pettaway v. Miami Air Int'l, Inc.*
624 F. Supp. 3d 1268 (M.D. Fla. 2022)...............................................................6

*Pierre-Louis v. Newvac Corp.,*
584 F.3d 1052 (11th Cir. 2009) ...........................................................................7

*Piper Aircraft Co. v. Reyno,*
454 U.S. 235 (1981)..............................................................27-29, 31-33, 36, 39

*Prunty v. Arnold & Itkin LLP,*
753 F. App'x 731 (11th Cir. 2018).....................................................................16

*Quaak v. KPMG Bedrijfsrevisoren,*
361 F.3d 11 (1st Cir. 2004)................................................................................35

*RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.,*
362 F. Supp. 3d 1226 (M.D. Fla. 2019) .............................................................11

vi

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*,
    579 Fed. App'x 779 (11th Cir. 2014) ............................................................13,15

*Rivas v. Ford Motor Co.*,
    2004 WL 1247018 (M.D. Fla. Apr. 19, 2004)....................................................32

*Rosen v. Execujet Servs. LLC*
    241 F. Supp. 3d 1303 (S.D. Fla. 2017) .............................................................39

*Samsung SDI Co., Ltd. v. Fields*
    346 So. 3d 102 (Fla. 1st DCA 2022) ........................................................... 16-17

*Satz v. McDonnell Douglas Corp*
    244 F.3d 1279 (11th Cir. 2001) ........................................................................30

*Scott v. MD Helicopters, Inc.*
    834 F. Supp. 2d 1334 (M.D. Fla. 2011)..............................................................37

*Sculptchair, Inc. v. Century Arts, Ltd,*
    901 F.3d 1307 (11th Cir. 2018) .....................................................................7,15

*Sims v. BMW Of N. Am. LLC*,
    2023 WL 5279340 (M.D. Fla. Aug. 16, 2023)....................................................21

*Snow v. DirecTV, Inc.*,
    450 F.3d 1314 (11th Cir. 2006) ....................................................................12,18

*Stonepeak Partners, LP v. Tall Tower Cap., LLC*,
    231 So. 3d 548 (Fla. 2d DCA 2017)................................................................9,13

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,*
    447 F.3d 1357 (11th Cir. 2006) .........................................................................19

*In re Takata Airbag Prod. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ..............................................................13

*Tazoe v. Airbus, S.A.S.*
    631 F.3d 1321 (11th Cir. 2011) ....................................................................30,35

*Uniters N. Am., LLC v. ServeCo Int'l, Inc.*,
    WL 4464846 (M.D. Fla. Sept. 26, 2022) ...........................................................12

*Waite v. All Acquisition Corp.*,
    901 F.3d 1307 (11th Cir. 2018) ....................................................................7,21

*Windmere Corp. v. Remington Prods, Inc.*,
   617 F. Supp. 8 (S.D. Fla. 1985) ...........................................................................29

*Wolf v. Celebrity Cruises*,
   683 F. App'x 786 (11th Cir. 2017)......................................................................11

*World–Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).............................................................................................26

*Wylie v. Island Hotel Co. Ltd*
   774 F. App'x 574 (11th Cir. 2019).................................................................31, 32

*Young v. Corizon LLC*,
   2019 WL 2587813 (N.D. Fla. May 21, 2019) ....................................................29

**Constitution, Treaties, Statutes, and Rules**

U.S. CONST., amend. V ..............................................................................*passim*

Convention on the Unification of Certain Rules of International
Carriage by Air, done at Montreal on 28 May, 1999, ICAO Doc. No.
9740 (entered into force Nov. 4, 2003), *reprinted in* S. Treaty Doc. 106-
45, 1999 WL 333292734 ("Montreal Convention")........................................*passim*

49 U.S.C. § 40101 ("GARA") ......................................................................34,37

Fed. R, Civ. P. 12(b)(2)............................................................................... 7-27

Fla. Stat. § 48.193(1)(a)(1) ....................................................................... 8,10,13-16

Fla. Stat. § 48.193(1)(a)(6)(a) ..........................................................1,2,8-10,16-17,19

Fla. Stat. § 48.193(2)............................................................................... 2,8,11-12

## PROCEDURAL HISTORY AND RELEVANT FACTS

***Procedural History.***  This action seeks to recover damages arising out of an aircraft accident that occurred in the Dominican Republic on December 15, 2021 (the "Accident"), involving a Gulfstream Aerospace GIV-SP aircraft (registration HI-1050) (the "Aircraft")[1] owned and operated by Helidosa.  The Helidosa flight crew consisting of a pilot, first officer, and flight attendant along with all six (6) passengers (Jose Angel Hernandez, Debbie Von Marie Jimenez Garcia, Keilyan Hernandez Pena, Yeilianys Jeishlimar Melendez Jimenez, Jesiel Yabdiel Silva Jimenez, and Jayden Hernandez) perished in the Accident.

On December 14, 2023, Plaintiff, as the personal representative of the Estate of Jose Angel Hernandez, filed a Complaint asserting a cause of action under the Montreal Convention[2] [D.E. No. 1] seeking to recover damages for the wrongful death of Jose Angel Hernandez ("Decedent"). Plaintiff's initial Complaint only asserted specific personal jurisdiction over Helidosa pursuant to Florida Statute Section 48.193(1)(a)(6)(a).  On March 1, 2024, Helidosa filed a Motion to Dismiss the Complaint on the grounds of lack of personal jurisdiction or alternatively, on the grounds of forum *non conveniens*. [D.E. 22].  On March 8, 2024, Plaintiff filed a

---

[1]    The Gulfstream Aerospace GIV-SP is a long range, twin engine, pressurized aircraft that can carry up to sixteen (16) passengers.

[2]    Convention on the Unification of Certain Rules of International Carriage by Air, done at Montreal on 28 May, 1999, ICAO Doc. No. 9740 (entered into force Nov. 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 ("Montreal Convention").

Motion for Leave to Take Limited Jurisdictional Discovery (D.E. 25), which Helidosa opposed on the grounds that the jurisdictional discovery sought by Plaintiff related to general personal jurisdiction was not alleged in Plaintiff's initial Complaint. [D.E. 30].

On March 27, 2024, Plaintiff then filed a motion for leave to amend the Complaint to assert general jurisdiction over Helidosa pursuant to Florida Statute Section 48.193(2) and specific personal jurisdiction pursuant to Section 48.193(1)(a)(6)(a). [D.E. 34]. The Court granted Plaintiff's motion and the Amended Complaint was filed on April 12, 2024. [D.E. 40 & 45]. In light of the filing of the Amended Complaint, the Court denied Helidosa's motion to dismiss as moot. [D.E. 50].

***The Parties and Decedent.*** Plaintiff is a citizen of the United States and resident of Florida, and is the sole surviving daughter of Decedent Jose Angel Hernandez (Plaintiff's father), who was a Florida resident.

Helidosa is an aircraft charter and air ambulance operator, organized and existing under the laws of the Dominican Republic ("DR") with its principal place of business and corporate headquarters located in Santo Domingo, DR. *See* Declaration of Gonzalo Alexander Castillo dated May 6, 2024 ("Castillo Decl."), attached hereto as **Exhibit A**, at ¶¶ 9-10. Helidosa is a duly certificated air carrier and operates under the laws and regulations of the DR/the Instituto Dominicano de

Aviacion Civil (IDAC). *Id.* at ¶ 11.  Helidosa's officers/directors are all residents of the DR, the main base and hub of all Helidosa operations, and all Helidosa aircraft are registered, based, maintained and repaired. *Id.* at ¶¶ 12-13.

While at all relevant times Helidosa operated approximately three (3) charter flights per day to/from Florida (*Id.* at ¶ 20), Helidosa (1) has never been registered to conduct business in Florida, (2) has no agents or employees in Florida, (3) has no offices in Florida, (4) owns no property in Florida, (5) has no bank accounts in Florida, (6) has no listed business address in Florida, (7) has never paid taxes in Florida, and (8) has never advertised, solicited or marketed its services in Florida or in any other State within the United States. *Id.* at ¶¶ 14-17.

***The Accident Facts.*** Decedent Jose Angel Hernandez contracted with Helidosa for air charter on behalf of himself and the other passenger-decedents for a flight beginning and ending in Florida, with an agreed stopping place in the DR:

| Date | From | To |
|---|---|---|
| Dec. 9, 2021 | Orlando International Airport (MCO), Florida | La Isabela International Airport (JBQ), Santo Domingo, DR |
| Dec. 15, 2021 | JBQ | MCO |

*See* Castillo Decl. at ¶ 31.  Decedent contacted Helidosa and booked these flights on November 26, 2021, via WhatsApp. *Id.* at ¶ 33.  The air charter flight was charged and paid for in Dominican pesos. *Id.* at ¶ 34.

On December 15, 2021, the Aircraft departed JBQ for MCO. *See* Amended Compl. at ¶¶ 31-33 [D.E. No. 45].  After take-off, the Helidosa flight crew

3

encountered flight control issues with the Aircraft and attempted to perform an emergency landing at Santo-Domingo Las Americas International Airport (SDQ). Castillo Decl., ¶ 4. The Aircraft struck terrain while attempting to make this emergency landing and all nine (9) persons on board the Aircraft were fatally injured. *Id*. at ¶¶ 4-6. The Accident was investigated by the Comision Investigadora de Accidentes de Aviacion ("CIAA"), the aviation accident investigation authority of the DR. *Id*. at ¶ 5. The CIAA has issued a preliminary investigation report CIAA108-21 but the final accident report has not yet been issued. *Id*. at ¶ 40.

*History of the Aircraft.* The Aircraft, manufactured in 2002 by Gulfstream Aerospace, was purchased by Helidosa in December 2018 and registered in the DR on February 14, 2019. *Id*. at ¶¶ 22-23. After the purchase of the Aircraft by Helidosa, the Aircraft was never maintained or repaired in Florida. *Id*. at ¶ 24.

On December 14, 2021, the Aircraft flew from Denver, Colorado (DEN) to Nassau, Bahamas (NAS) to Miami, Florida (MIA), and then to San Juan, Puerto Rico (SJU). *Id.* at ¶ 25. On December 15, 2021, the Aircraft flew from SJU to JBQ. *Id.* at ¶ 26. After the Aircraft arrived at Helidosa's facility at JBQ, drops of hydraulic fluid were noticed from the ground spoiler actuator and the decision was made to replace the actuator at Helidosa's maintenance facility. *Id*. at ¶ 27. Helidosa's maintenance technicians at JBQ conducted all inspections, maintenance, and repair work on the Aircraft. *Id*. at ¶ 28.

# ARGUMENT

## I.    STANDARD OF REVIEW

*Personal Jurisdiction.*    The plaintiff bears the initial burden of alleging sufficient facts in the complaint to establish a prima facie case of personal jurisdiction over the defendant. *Lewis v. Abbott Lab'ys, Inc.*, 2020 WL 631595, at *4 (M.D. Fla. Feb. 5, 2020), *report and recommendation adopted*, 2020 WL 998717 (M.D. Fla. Mar. 2, 2020).  "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict."  *Id.* at *4.  The Court will construe all pleadings, affidavits, and "reasonable inferences in favor of the Plaintiff." *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

Once a plaintiff pleads sufficient material facts to form a basis for jurisdiction, "the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Geodetic Services Inc. v. Metronor AS*, 2000 WL 1027222, at *3 (M.D. Fla. Feb. 9, 2000).  "If the defendant sufficiently challenges a plaintiff's assertions, the plaintiff then must affirmatively support its jurisdictional allegations and may not merely rely upon the factual allegations set forth in the complaint." *Id.*

*Forum Non Conveniens ("FNC").*    "[I]n considering a motion to dismiss for *forum non conveniens*, a court must accept the facts in a plaintiff's complaint as true, to the extent they are uncontroverted by the defendants' affidavits." *Ava's Delights,*

*LLC v Ecoview Am.*, 2021 WL 168465, at *2 (M.D. Fla. Jan. 6, 2021). "While the Court is generally limited to the facts contained in the complaint and the attached exhibits, it may consider documents that are central to the claim and whose authenticity is undisputed." *Id.*

## II.   THE MONTREAL CONVENTION EXCLUSIVELY GOVERNS

The parties do not dispute that this action is exclusively governed by a treaty of the United States known as the Montreal Convention which applies to all "international carriage" by air. *See* Montreal Convention, Article 1. Here, the Decedent's carriage was "international" within the meaning of Article 1(2) of the Montreal Convention, because the place of departure and place of destination was situated within the territory of a State Party (U.S.) and there was an agreed stopping place within another State Party (DR). Castillo Decl., ¶ 31.

Where the Montreal Convention applies, as here, it exclusively governs the rights and liabilities of the parties. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999)[3]; *Jacob v. Korean Air Lines Co. Ltd.*, 606 F. App'x 478, 479–80 (11th Cir. 2015); *Pettaway v. Miami Air Int'l, Inc.*, 624 F. Supp. 3d 1268, 1276 (M.D. Fla. 2022). Article 17(1) of the Convention creates air carrier liability for passenger

---

[3]     The Montreal Convention is the successor to the Warsaw Convention (1929). However, as its terms are largely derived from the Warsaw Convention, courts routinely rely on Warsaw Convention precedent when interpreting equivalent provisions in the Montreal Convention. *Goldshteyn v. Am. Airlines*, 2023 WL 9022560, at *2 (S.D. Fla. Dec. 29, 2023).

injury or death caused by an "accident" that took place on board the aircraft and Article 33 sets forth five places where the action must be brought (*see infra*., at 27, 31). While treaty subject-matter jurisdiction may exist in the United States pursuant to Article 33, the Court still must address the issue of personal jurisdiction[4] and the Montreal Convention does not bar *FNC* dismissal. *Pierre-Louis v. Newvac Corp*. 584 F.3d 1052, 1058 (11th Cir. 2009).

## III. PERSONAL JURISDICTION OVER HELIDOSA IS LACKING

To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must undertake a two-step inquiry. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). "First, the Court must determine whether the forum state's long-arm statute provides a sufficient basis for personal jurisdiction." *Lewis*, 2020 WL 631595, at *3 (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)). Next, if the Court finds personal jurisdiction exists under a provision of Florida's long-arm statute, the Court "must determine whether sufficient minimum contacts exist between the defendant [ ] and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." *Id.* at *3 (quoting *Sculptchair, Inc.*, 94 F.3d at 626).

---

[4]    *See Cavalieri v. Avior Airlines C.A.*, 2018 WL 4194080, at *1 (S.D. Fla. Aug. 10, 2018), *report and recommendation adopted*, 2018 WL 5098873 (S.D. Fla. Sept. 18, 2018).

7

Here, as Plaintiff's cause of action is insufficiently connected with Florida and Helidosa is not essentially "at home" in Florida, this Court lacks personal jurisdiction over Helidosa.

## A.  Florida's Long-Arm Statute Does Not Confer Jurisdiction Over Helidosa

Plaintiff's Amended Complaint asserts personal jurisdiction over Helidosa pursuant to Florida Statute § 48.193(2) (general jurisdiction), Fla. Stat. § 48.193(1)(a)(1) ("engaging in a business venture"), and Fla. Stat. § 48.193(1)(a)(6)(a) ("solicitation and services"). Amended Compl. at ¶¶ 9, 16 [D.E. 45].  Fla. Stat. § 48.193(2) allows a court to exercise general personal jurisdiction over a foreign domiciliary as follows:

> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Here, Plaintiff alleges general jurisdiction exists over Helidosa because:

- ➤ Helidosa is purportedly "engaged in substantial and not isolated activity within Florida" (Amended Compl. at ¶ 9);

- ➤ Helidosa's contacts in Florida are allegedly "continuous and systematic" such that Helidosa is allegedly "at home in Florida" (Amended Compl. at ¶ 10);

- ➤ "At the time of the Accident, Helidosa operated flights to and from twenty-three (23) Florida destinations" (Amended Compl. at ¶ 11);

- ➤ "Helidosa's flights to and from Florida account for twenty-six percent of the total flights Helidosa operates worldwide" (Amended Compl. at ¶ 12);

> ➢ "Those flights account for thirty percent of Helidosa's revenue." (Amended Compl. at ¶ 13);

> ➢ "In addition to offering charter services in Florida, Helidosa also provides air ambulance services in Florida" (Amended Compl. at ¶ 14);

> ➢ "At the time of the Accident, Helidosa operated approximately three daily flights to/from Florida" (Amended Compl. at ¶ 15).

With respect to specific jurisdiction, Fla. Stat. § 48.193(1)(a) allows a court to exercise specific personal jurisdiction over a foreign domiciliary as to a cause of action *"arising from"* any of the following acts relevant here:

(1) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

* * *

(6) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

a. The defendant was engaged in solicitation or service activities within this state.

Specific jurisdiction under Florida's long-arm statute "requires a causal connection between the defendant's activities in the state and the plaintiff's cause of action, a requirement known as 'connexity.'" *Stonepeak Partners, LP v. Tall Tower Cap.*, LLC, 231 So. 3d 548, 552 (Fla. 2d DCA 2017); *see also Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1292 (11th Cir. 2022). Connexity is a "higher standard than that which is required by most other jurisdictions' long-arm statutes." *New*

9

*Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 902 (M.D. Fla. 2007) (citing

*Bloom v. A. H. Pond Co., Inc*., 519 F. Supp. 1162, 1168 (S.D. Fla. 1981)).

Plaintiff alleges specific jurisdiction exists over Helidosa because:

➢ Helidosa allegedly "operated, conducted, engaged in, and/or carried on a business or business venture in this state, specifically its air charter and air ambulance services" (Amended Compl. at ¶ 17) which falls within § 48.193(1)(a)(1) ("engaging in a business venture");

➢ "Thirty percent of its revenue was derived from its Florida business" (Amended Compl. at ¶ 18);

➢ "At the time of the accident, the volume of Helidosa customer demand in Florida was great enough to allow it to offer three daily flights to/from Florida" (Amended Compl. at ¶ 19);

➢ "Helidosa's Facebook page even provides a contact number that uses a Miami area code" (Amended Compl. at ¶ 20);

➢ "Business derived from Florida accounts for more than a quarter of its business worldwide" (Amended Compl. at ¶ 21);

➢ "There is a substantial connection between Plaintiff's damages and Helidosa's business activity in Florida. Helidosa communicated and contracted with Mr. Hernandez, while he was in Florida, to provide roundtrip air charter services to the Dominican Republic" and the subject flight caused the death of the Decedent resulting in injuries in Florida to his daughter and his Estate within the meaning of § 48.193(1)(a)(1) & § 48.193(1)(a)(6)(a) (Amended Compl., ¶¶ 22, 24);

➢ Helidosa "caused injury within this state by acts and omissions which occurred outside this state" (Amended Compl. at ¶ 23) which falls within § 48.193(1)(a)(6); and

➢ Helidosa purportedly "engaged in solicitation of and service activities within the state" (Amended Compl. at ¶23) which falls within § 48.193(1)(a)(6)(a) ("solicitation or service in the state").

**1. There Is No Prima Facie Showing Of General Jurisdiction Under Fla. Stat § 48.193(2)**

Under Fla. Stat. § 48.193(2), the appropriate inquiry for general jurisdiction is whether a non-resident defendant's affiliations with the State are so "continuous and systematic as to render it essentially at home there." *Wolf v. Celebrity Cruises*, 683 F. App'x 786, 791 (11th Cir. 2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 191 (2011)); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

Plaintiff alleges that Helidosa's revenue derived from Florida and the number of flights it operates to/from Florida at present and on the date of the Accident is sufficient to establish "continuous and systematic business contacts" which amounts to "substantial and not isolated activity." Amended Compl. at ¶¶ 9-10. However, the "substantial and not isolated activity" requirement of Fla. Stat. § 48.193(2) is "the functional equivalent of the continuous and systematic requirement for general jurisdiction under the Fourteenth Amendment." *Pelton v. Lowe's Home Centers, LLC*, 2021 WL 11490630, at *4 (M.D. Fla. Aug. 24, 2021). Therefore, the Court "need only consider whether exercising such jurisdiction over [the d]efendant comports with due process" when analyzing general jurisdiction under this section. *See RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.,* 362 F. Supp. 3d 1226, 1233 (M.D. Fla. 2019).

11

In this regard, "[o]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction" in Florida. *Heghmann v. Hafiani*, 2021 WL 3486009, at *8 (M.D. Fla. July 14, 2021), *aff'd*, 2022 WL 14803783 (11th Cir. Oct. 26, 2022) (quoting *Daimler AG*, 571 U.S. at 137).  For a corporation, the paradigm locations in which all-purpose jurisdiction can be found are its principal place of business and its place of incorporation. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (a defendant will be subject to general jurisdiction only where it is "at home"); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015) (corporation's activities in the forum must "closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principle place of business" for general jurisdiction to exist).

Here, it is undisputed that Helidosa is a foreign corporation organized and existing under the laws of the DR with its principal place of business and corporate headquarters in the DR.  *See* Castillo Decl., at ¶¶ 9-10.  Accordingly, general jurisdiction does not exist over Helidosa in Florida as it is only "at home" in the DR, where it is domiciled and has its principal place of business and headquarters. *See e,g., Uniters N. Am., LLC v. ServeCo Int'l, Inc.*, 2022 WL 4464846, at *8 (M.D. Fla. Sept. 26, 2022) (no general jurisdiction under Fla. Stat. § 48.193(2) where defendant has some business ties to Florida, but was neither incorporated nor had its principal place of business in Florida); *Pelton*, 2021 WL 11490630, at *4 (no general

jurisdiction over Lowe's in Florida despite its extensive retail presence and business operations in Florida as Lowe's is not essentially "at home" in Florida).

**2. There Is No Prima Facie Showing Of Specific Jurisdiction Under Fla. Stat. § 48.193(1)(a)(1)**

To establish that a nonresident defendant is "carrying on business" in Florida under Fla. Stat. § 48.193(1)(a)(1), the defendant's activities "must be considered collectively and show a general course of business activity in the state for pecuniary benefit," *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. App'x 779, 783 (11th Cir. 2014) (quoting *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005)).

Factors courts consider in making this determination include: (1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4) the percentage of overall revenue gleaned from Florida clients. *Stonepeak Partners, LP*, 231 So. 3d at 555. Courts also consider the extent of the defendant's marketing and advertising in Florida. *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101 (S.D. Fla. 2019) (*inter alia* plaintiff's allegations did not establish defendants were the "source … of the advertisements seen or heard by the Florida Plaintiffs – let alone that [they] … were directed toward Florida citizens").

Plaintiff is unable to satisfy these determinative factors. At all relevant times:

➢ Helidosa was neither licensed nor authorized to do business in Florida or in any other State within the United States;

➢ Helidosa did not have a general agent, office, business address or any employees stationed or based in Florida or in any other State within the United States;

➢ Helidosa had no bank account not it did not own, possess or lease real property in Florida or in any other State within the United States;

➢ Helidosa did not have an interactive website in which passengers could directly book charter flights;

➢ Helidosa did not have an active Florida-based business telephone number[5];

➢ Helidosa did not advertise, solicit or market its services in Florida or in any other State within the United States; and

➢ Helidosa had never paid taxes in Florida or in any other State within the United States.

*See* Castillo Decl. at ¶¶ 14, 15, 17.

While Plaintiff's allegations of Helidosa's flights to/from Florida and its revenue derived from the state support a conclusion that Helidosa has some Florida business connections, this is the only factor Plaintiff is able to point to in support of long-arm specific jurisdiction under Fla. Stat. § 48.193(1)(a)(1). However, Helidosa's revenue derived from Florida and number of flights to/from Florida have

---

[5]    While Plaintiff's Amended Complaint references a Helidosa Facebook page that contains a Miami-based business telephone number, (305) 447-7292, at no time did this number belong to Helidosa. Castillo Decl. ¶17, n.2. Upon information and belief, this telephone number was linked to former Helidosa employee Shane Medina who has not worked for Helidosa since September 2017. *Id.* Helidosa never directed Ms. Medina or any other Helidosa employee to obtain this telephone number or to associate this telephone number with Helidosa's operations. *Id.*

14

no connection to Helidosa's separate and independent alleged conduct in the DR from which Plaintiff's cause of action solely arises.

Even assuming that Helidosa "communicated and contracted with Mr. Hernandez, while he was in Florida" to arrange the subject flight as alleged by Plaintiff is correct, this is insufficient to support a "general course of business activity" as required under Fla. Stat. § 48.193(1)(a)(1). Amended Compl. ¶ 22.  It is well settled that "telephonic and electronic communications made from elsewhere into Florida do not constitute carrying on a business venture . . . even when those phone calls were incident to some economic activity." *RMS Titanic, Inc.*, 579 Fed. App'x at 784-5; *see also Horizon Aggressive,* 421 F.3d at 1167; *Sculptchair, Inc*, 94 F.3d at 628 (11th Cir. 1996); *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1322 (S.D. Fla. 2009) (involving communications by mail and over telephone).

Thus, Plaintiff fails to plead facts sufficient to establish a direct affiliation or nexus between Helidosa's Florida-based activity and Plaintiff's cause of action for wrongful death under Fla. Stat. § 48.193(1)(a)(1). *See, e.g., Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 549 (11th Cir. 2019) (affirming dismissal for lack of specific personal jurisdiction under § 48.193(1)(a)(1), among other provisions, where plaintiff's cause of action did not arise out of defendant's numerous business activities in Florida including defendant's business registration in Florida, use of registered agents and sales representatives in Florida, listing Florida locations on its

website for purchasers for training and maintenance, traveling to Florida for sales events); *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 735 (11th Cir. 2018) (out of state defendants did not conduct business in Florida for purposes of § 48.193(1)(a)(1) where they used the internet to contact clients and conduct business in Florida but were not licensed in Florida, did not have offices in Florida, did not travel to Florida for business, and did not actively seek out Florida clients).

### 3. There Is No Prima Facie Showing Of Specific Jurisdiction Under Fla. Stat § 48.193(1)(a)(6)(a)

Fla. Stat. § 48.193(1)(a)(6)(a) "applies only when a defendant's out of state actions cause personal injury or damage to physical property in the State of Florida." *Snow,* 450 F.3d at 1318 (construing predecessor statute to § 48.193(1)(a)(6)(a)); *Milligan v. State Farm Mut. Auto. Ins. Co*., 2018 WL 3352933, at *4 (M.D. Fla. June 15, 2018). Thus, Fla. Stat. § 48.193(1)(a)(6)(a) is inapplicable in the present case as the injury, *i.e.,* the death of the Decedent, occurred wholly outside of Florida and in the DR. S*ee Milligan,* 2018 WL 3352933, at *5 (Florida does not support the application of section 48.193(1)(a)(6)(a) where injury occurred outside Florida).

Even if Plaintiff's alleged emotional injuries could be viewed as occurring in Florida, jurisdiction under Fla. Stat. § 48.193(1)(a)(6)(a) still fails because the defendant must also be engaged in solicitation or service activity within the state "at or about the time of the injury" *and* this solicitation or service activity must have caused the plaintiff's injury. *See Samsung SDI Co., Ltd. v. Fields*, 346 So. 3d 102,

107 (Fla. 1st DCA 2022) (no jurisdiction under § 48.193(1)(a)(6)(a) where defendant's negligence "occurred nineteen months" before plaintiff's injuries); *Milligan*, 2018 WL 3352933, at *4 ("there must be some connection between plaintiff's injury and defendant's solicitation and service activities in [FL]").

As noted *supra*, the "arising from" language in Fla. Stat. § 48.193(1)(a)(6)(a) requires a substantial connection or nexus to exist between the basis for the plaintiff's cause of action and the defendant's alleged solicitation or service activity in the state. *See Gilles-Jean v. Royal Caribbean Cruises, Ltd.*, 2023 WL 6973586, at *6 (S.D. Fla. Aug. 28, 2023) (no nexus between plaintiff's injury caused by defendant cruise excursion operator's negligence in the Bahamas and Florida to sustain long-arm jurisdiction, despite defendant maintaining a bank account, processing payments and  selling excursion tickets in Florida); *cf. Northwestern Aircraft Capital Corp. v. Stewart*, 842 So. 2d 190 (Fla. 5th DCA 2003) ("solicitation or service activities" conferred long-arm jurisdiction where defendant advertised in Florida through print and internet ads, offered aircrafts for sale through various Florida publications, and affirmatively held itself out as conducting charter flight operations and servicing a client base in Florida.).

Here, the death of the Decedent does not "arise from" Helidosa's limited business activity in Florida but from Helidosa's alleged conduct in the DR. Thus, there is no relationship—let alone a "substantial relationship"—between Helidosa's

17

purported Florida contacts and Plaintiff's cause of action stemming from Helidosa's alleged conduct within the DR.  The Accident, *i.e.,* the Aircraft crash and Helidosa's alleged maintenance, repair, and inspection of the Aircraft, occurred wholly outside Florida and in the DR. Castillo Decl. at ¶¶ 38-39.

While Plaintiff alleges that Helidosa solicited its air charter services and contracted within Florida to provide air charter services to/from Florida is a sufficient connection (Amended Compl. at ¶ 24), this has no relevance or connexity to the alleged conduct of Helidosa (maintenance/repair/operation of the Aircraft) that took place wholly within the DR.  As Helidosa does not advertise, market, engage in the solicitation of its services in Florida or have an interactive website from which passengers can book flights directly, there is no connection at all between the Accident in the DR and the execution of the air charter agreement between the Decedent and Helidosa. *See* Castillo Decl. at ¶¶ 17, 24, 35-41.

Even if the charter agreement had some connection to the alleged conduct of Helidosa in the DR, (1) Decedent Jose Hernandez sought and reached out to Helidosa for its services, (2) the charter agreement was agreed via WhatsApp, a mobile application for instant messaging and voice-over-IP service, and (3) payment for the charter was not made in the U.S., but in the DR as the tickets were paid for in DR currency. *Id.* at ¶¶ 32-34.

In any event, simply entering into a contact of carriage in Florida is insufficient to confer personal jurisdiction. *See Lapidus v. NCL Am. LLC*, 2013 WL 646185, at *4 (S.D. Fla. Feb. 14, 2013) (no connexity between the sale of tickets in Florida and Defendants' negligence in Hawaii); *Ganiko v. Ganiko,* 826 So. 2d 391, 395 (Fla. 1st DCA 2002) (contracting with a nonresident is not sufficient to confer personal jurisdiction in Florida).

Therefore, Plaintiff has failed to make a *prima facie* showing of jurisdiction over Helidosa under Fla. Stat. § 48.193(1)(a)(6)(a).

## B. The Exercise Of Jurisdiction Over Helidosa Violates Due Process

The exercise of personal jurisdiction over Helidosa also fails to comport with the Due Process Clause of the U.S. Constitution.  The due process inquiry distinguishes between "specific" jurisdiction and "general" jurisdiction.  Specific jurisdiction is the exercise of personal jurisdiction over a nonresident defendant by a forum "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). General jurisdiction, on the other hand, focuses on a nonresident defendant "who has a substantial and not isolated activity within Florida, even when that activity is unrelated to the cause of action being litigated." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1363 (11th Cir. 2006).

19

Helidosa is not subject to general or specific jurisdiction in Florida, nor is it reasonable to exercise personal jurisdiction over Helidosa.

### 1. No General Jurisdiction In Florida

As noted *supra* at Point III(A)(1), the only forums courts consider to be "all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."[6] *Daimler*, 571 U.S. at 127. Here, general jurisdiction over Helidosa does not exists in Florida as Helidosa is only "at home" in the DR. *See* Castillo Decl. ¶¶ 9-10.

### 2. Helidosa Is Not Subject To Specific Jurisdiction In Florida

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims" than general jurisdiction. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1019 (2021). To determine specific jurisdiction, the Eleventh Circuit applies a three-part test for minimum contacts: (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum (the "Relatedness Prong"); (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws (the "Purposeful Availment Prong"); and (3) whether the exercise of personal

---

[6]    While *Daimler*, 571 U.S. at 139, n. 19, leaves open the possibility that in "an exceptional case," a corporation's contacts with another state "may be so substantial and of such a nature as to render [it] at home in that State", this "exceptional case" exception does not apply here.

jurisdiction comports with traditional notions of fair play and substantial justice (the "Fair Play Prong"). *Sims v. BMW Of N. Am. LLC*, 2023 WL 5279340, at *6 (M.D. Fla. Aug. 16, 2023) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)).

### a. Plaintiff's Claim Does Not Arise From Or Relate To Helidosa's Actions In Florida

"[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida *only as those contacts are related to the plaintiff's cause of action*." *Lewis*, 2020 WL 631595, at *6 (quoting *Louis Vuitton*, 736 F.3d at 1352).  The Eleventh Circuit had previously held that "a tort 'arises out of or relates to' the defendant's activity in a state only if the activity is a 'but-for' cause of the tort." *Waite*, 901 F.3d at 1314.

However, the Eleventh Circuit's but-for causation requirement was altered by the *Ford* decision: while the first half of the "arise out of or relate to" standard (*i.e.*, "arise out of") still requires but-for causation, "the second half (*i.e.*, "relate to") contemplates that some relationships will support jurisdiction without a causal showing." *De Ford v. Koutoulas*, 2023 WL 2709816, at *9 (M.D. Fla. Mar. 30, 2023), *appeal dismissed*, 2023 WL 6213424 (11th Cir. July 31, 2023) (citing *Ford Motor Co*, 141 S. Ct. at 1024).  In this respect, the Eleventh Circuit has clarified that *relatedness* "entails a fact-sensitive inquiry . . . hewing closely to the foreseeability

21

and fundamental fairness principles forming the foundation upon which the specific jurisdiction doctrine rests." *Fraser v. Smith*, 594 F.3d 842, 851 (11th Cir. 2010) (no specific jurisdiction where the plaintiff's "injuries were not a sufficiently foreseeable consequence" to satisfy the "relatedness" inquiry).

Plaintiff's claims do not "arise out of" or "relate to" any Helidosa activity expressly directed to Florida. *See Fraser*, 594 F.3d at 844 (foreign boat operator's accessible website in Florida, U.S. advertising, purchase of boats in Florida, and training of employees in Florida not the but-for cause of boat accident in Turks and Caicos for specific jurisdiction).

**_But-For Causation._**  As Helidosa has never marketed, advertised or solicited business within Florida (Castillo Decl. at ¶ 17), Plaintiff can point to only one contact that "arises" out of her cause of action – the operation of Helidosa charter flights to and from Florida.  Plaintiff argues this contact is sufficient to confer jurisdiction because "it is precisely one of those charter flights to Florida that resulted in the death of Plaintiff's father.  But-for Helidosa's activities in Florida, Plaintiff's father would never have boarded the flight that led to his death." Amended Compl. at ¶ 26. Plaintiff, however, misses one crucial point in her "but-for" analysis – Helidosa's execution of the charter services agreement or provision of charter flight services did not cause or lead to the Accident and the death of the Decedent.  It was Helidosa's

22

alleged operation, repair and maintenance activities in the DR that resulted in the Accident.  This is the only but-for cause of the Accident as alleged by Plaintiff.

As noted, the Amended Complaint points only to Helidosa's activities in the DR, not in Florida, as the cause of the Accident: (1) there were reports of mechanical problems with the Aircraft's ground spoilers on a prior flight from Puerto Rico to the DR, (2) Helidosa technicians in the DR replaced the ground spoiler actuators on the right-hand wing of the Aircraft just prior to the Accident, (3) the Helidosa flight crew in the DR performed a control check on the Aircraft prior to take off that resulted in only the left wing ground spoilers being retracted, (4) the Helidosa flight crew in the DR did not correct any unreasonably safe conditions on the Aircraft, and (5) the Helidosa mechanics in the DR improperly installed replacement spoiler actuators during maintenance. Amended Compl. at ¶¶ 34-41.

These activities wholly took place in the DR and are the only alleged "but-for" causes of the Accident.  That Helidosa contracted with the Decedent for the charter flight has no bearing or substantial relationship to Helidosa's alleged:

> ➢ failure to conduct air carriage operations (in the DR) in a reasonably safe manner and to perform proper fight safety checks (in the DR) (Amended Compl. at ¶¶50(a),50(b));

> ➢ failure to properly train and supervise its flight crew (in the DR) in the operation of flight equipment and aircraft (Amended Compl. at ¶50(c));

> ➢ failure to properly maintain, repair and test its flight equipment and aircraft (in the DR) (Amended Compl. at ¶50(d));

23

➢ defective installation of the ground spoilers on the Aircraft (in the DR) (Amended Compl. at ¶50(e));

➢ failure to hire competent mechanics to perform maintenance on the Aircraft (in the DR) (Amended Compl. at ¶50(f));

➢ failure to hire competent flight crew (in the DR) to perform the flight operations (Amended Compl. at ¶50(g)); and

➢ failure to maintain and/or implement adequate safety policies and procedures (Amended Compl. at ¶50(h)).

*Relatedness.* With respect to the relatedness prong, while under *Ford* a strict causal relationship may no longer be required, the Supreme Court has noted that this "does not mean anything goes" because "[t]he phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Ford Motor Co.*, 141 S. Ct. at 1026. Here, Plaintiff has not identified a single forum-based activity relating to the aircraft operation, inspection, repair, spoiler actuator removal/installation, and flight check – these activities all occurred in the DR – and contracting for air charter services from/to Florida does not relate in any way to the alleged cause of the Accident. *See supra*, at 16-21; Castillo Decl., at ¶¶ 35-41.

As no "substantial relationship" exists between Helidosa's business activity and Plaintiff's claims,  there is no basis to exercise specific jurisdiction.

### b. Helidosa Did Not Purposefully Avail Itself Of The Privilege Of Conducting Activities In Florida

In order for the Court to exercise specific personal jurisdiction over a non-resident defendant, the Plaintiff must also demonstrate that Helidosa "purposefully

24

avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 880 (2011).  A court asks whether a defendant's contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1276 (11th Cir. 2022) (citing *Louis Vuitton*, 736 F.3d at 1357).

Here, Helidosa did not purposefully avail itself of the privilege of conducting activities within Florida when Helidosa was never authorized/registered to conduct business in Florida, and has no offices, property, employees or bank accounts in Florida. Castillo Decl. at ¶ 17. While Helidosa derives approximately 27% of its business from operating ad hoc flights to/from Florida, Helidosa did not reasonably expect to be haled into court for an accident and alleged conduct that occurred wholly outside of Florida and in the DR. *Jochem as Tr. of Hope Jochem Revocable Tr. U/A DTD 5/6/2000 v. NextGen Mgmt. Grp., LLC*, 2022 WL 18465687, at *2 (S.D. Fla. Nov. 22, 2022) (no minimum contacts where defendants had no mailing address, post office box, bank accounts, real property, representatives, employees or offices in Florida); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359 (5th Cir. 1990)

(defendant company deriving 13% of its total revenue from Louisiana was insufficient to support jurisdiction).

### c. Subjecting Helidosa To Jurisdiction In Florida Is Not Reasonable

Finally, assuming *arguendo* that Plaintiff could satisfy the minimum contacts requirements, the exercise of personal jurisdiction over Helidosa is improper as it would be unreasonable and would not comport with "traditional notions of fair play and substantial justice." The factors considered for reasonableness under this prong include (1) the burden on the defendant to defend the lawsuit in the forum state; (2) the interest of the plaintiff in obtaining convenient and effective relief; (3) the interest of the forum state to obtain convenient and effective relief; (4) the interest of the interstate judicial system to efficiently and effectively resolve controversies; and (5) the state's shared interest in furthering fundamental substantive social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). "Minimum requirements of 'fair play and substantial justice' may defeat the reasonableness of asserting personal jurisdiction even if the defendant has purposefully engaged in forum activities." *Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990) (quoting *Burger King*, 105 S. Ct. at 2185).

As discussed in detail *infra*, Point IV, Helidosa would be unfairly burdened if this action proceeded in Florida when almost all liability related evidence is located

in the DR.  Florida has less interest in this litigation than the DR as the Accident did not occur in Florida, as Helidosa is not a Florida corporation, as none of the evidence is located here, and as Florida has no connection to the Accident itself.  The DR, the home base to Helidosa's operations, has the strongest interest in this case and offers the most efficient and convenient forum for resolution of this case.

As Helidosa has neither "minimum contacts" nor did Plaintiff's injuries arise out of or relate to Helidosa's limited activity in Florida, the exercise of jurisdiction "offend[s] traditional notions of fair play and substantial justice" in violation of the Due Process Clause of the U.S. Constitution. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Helidosa has no contacts with Florida with respect to the Accident and were not such that it should reasonably anticipate being haled into court there for an Accident that occurred in the DR.  Thus, subjecting Helidosa to personal jurisdiction in Florida is not constitutionally reasonable.

## IV.  THIS ACTION ARISING OUT OF A FOREIGN ACCIDENT SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS

Even if Article 33 subject-matter jurisdiction and personal jurisdiction are present in Florida, the action should be dismissed on the grounds of *FNC*.  A court may dismiss an action on the grounds of *FNC* where "trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981).  The doctrine of *FNC* is a "flexible tool,

27

used to prevent litigation that would "establish oppressiveness and vexation to a defendant out of all proportion to [the] plaintiff's convenience." *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1338 (11th Cir. 2020).

This action arises from an Accident that occurred in the DR on an aircraft owned and operated by the DR charter operator. While the flight that was bound for Florida: all of the alleged wrongful acts of Helidosa occurred in the DR; the accident was investigated by the CIAA and virtually all witnesses, documentation, materials, and evidence related to liability, including the aircraft wreckage are located in the DR; at all relevant times, the Aircraft was registered, inspected and maintained in the DR. Castillo Decl. at ¶¶ 5, 13, 24, 35-41, 45, 47. Allowing this action to remain in Florida would require the Court to ignore the cornerstone of the *FNC* doctrine – "to ensure that the trial is convenient." *Piper Aircraft*, 454 U.S. at 256.

To obtain *FNC* dismissal, the moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014). The application of the three-step *FNC* analysis to this action mandates dismissal.

28

## A.  Plaintiff's Choice Of Forum Should Not Be Accorded Dispositive Weight

Although a plaintiff's choice of forum is afforded greater deference where the plaintiff is a U.S. citizen, "a citizen's forum choice should not be given dispositive weight . . . ." *See Piper Aircraft*, 454 U.S. at 241 n.6.  "The degree of deference given to a plaintiff's choice of forum choice varies with the circumstances." *Young v. Corizon LLC*, 2019 WL 2587813, at *3 (N.D. Fla. May 21, 2019).

For a case where "the operative facts underlying the cause of action did not occur within the forum chosen by plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted); *see Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979) (noting "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts").

Here, Plaintiff's choice of forum should not be accorded substantial deference despite the Decedent being a Florida resident as the "locus of operative facts" bears very little connection to the chosen forum. *Martin v. Horn*, 2019 WL 1866313, at *2 (N.D. Fla. Apr. 5, 2019), *report and recommendation adopted*, 2019 WL 1864898 (N.D. Fla. Apr. 24, 2019).  As discussed below, the epicenter of this action is the DR, where the flight originated, the maintenance and Accident occurred, and where

all the relevant evidence, witnesses, and records connected to liability are located. Castillo Decl. at ¶¶ 5, 13, 24, 35 – 41, 45, 47.

## B. The DR Is An Available And Adequate Forum

An alternative forum will be adequate if (1) the defendant is amenable to service of process in the alternative forum and (2) the forum permits litigation of the subject matter of the dispute. *Tazoe v. Airbus, S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). Here, the DR is both an available and adequate forum warranting dismissal.

### 1. The DR Is An Available Forum To Adjudicate Plaintiff's Claims

An alternative forum is available where the foreign court can assert jurisdiction over the litigation sought to be transferred. *See Tazoe*, 631 F.3d at 1330. Thus, this requirement is usually satisfied when the defendant is "amenable to process" in the alternative jurisdiction. *Id.* Moreover, this standard does not require that an alternative forum have identical causes of action or remedies to be considered "available." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). DR attorney and law expert, Lucas Guzman, states that Helidosa is amenable to service of process and subject to the jurisdiction of the courts in the DR. *See* Declaration of Carlos Guzman, dated May 1, 2024, ("Guzman Decl.") at ¶¶ 9,32-33. attached hereto as **Exhibit B**. Specifically, Plaintiff would be able to file her claims in the civil courts of the DR, *i.e.*, the courts of first instance. *Id.* Moreover, Helidosa agrees to accept service and consent to the jurisdiction of the courts of the DR.

As noted, Plaintiff's claims are governed by the Montreal Convention to which the U.S. and the DR are parties. The DR is Helidosa's domicile and principal place of business and where the contract was made, which are two of the Montreal Convention Article 33 places of jurisdiction. Castillo Decl. at ¶ 10. Thus, DR courts have jurisdiction over Plaintiff's claim. Guzman Decl. at ¶ 9. Further, the Montreal Convention Article 35 two-year limitations period will not preclude the Plaintiff from filing an action in the DR as Plaintiff already timely commenced her cause of action (*Id*. at ¶¶ 37 - 44) and, in any event, Helidosa agrees to waive any timelessness defense if the action is refiled in the DR within six (6) months of dismissal of this action. Therefore, the DR is an available forum.

## 2. The DR Is An Adequate Forum To Adjudicate Plaintiff's Claims

A forum is adequate if it permits litigation of the subject matter of the dispute and the remedy available in the alternative forum is not so inadequate as to amount to no remedy at all. *Piper Aircraft*, 454 U.S. at 255, n.22. An alternative forum is adequate except in rare cases where "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Wylie v. Island Hotel Co. Ltd*, 774 F. App'x 574, 577-78 (11th Cir. 2019).

DR law clearly provides an adequate remedy. As explained in the Guzman Declaration, DR law provides for remedies for Plaintiff's cause of action for death of the Decedent under the Montreal Convention. Guzman Decl. at ¶¶ 48, 55.

Thus, as Plaintiff "will not be deprived of all remedies" in the DR, and because all parties can come within the DR's jurisdiction, the DR is an adequate alternative forum. *See Grp. CG Builders & Contractors v. Cahaba Disaster Recovery, LLC*, 534 F. App'x 826, 830 (11th Cir. 2013) (DR adequate alternative forum); *Fontaine v. Signature Research., Inc.*, 2016 WL 880527, at *9 (S.D. Fla. Mar. 8, 2016) (same).

## C. The Balance Of Private And Public Interests Favors Dismissal

The final step in the *FNC* analysis is for the court to consider and balance the relevant private and public interest factors identified in *Piper Aircraft* which in this case point overwhelmingly to dismissal.

### 1. Private Interests Factors Strongly Favor Dismissal To The DR

The private interest factors include: (1) ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (3) possibility of view of the premises, if appropriate to the action; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive." *See Wylie*, 774 Fed. Appx. at 578-79. Access to evidence is perhaps the most important private interest factor. *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003). The ability of a forum to "compel the attendance of significant unwilling witnesses at trial is often considered the most important factor, because the presentation of live testimony is essential to a fair trial." *Rivas v. Ford Motor Co.,* 2004 WL 1247018, at *9 (M.D. Fla. Apr. 19, 2004)

(internal citations omitted); *Piper Aircraft*, 454 U.S. at 258. The inability to guarantee the attendance of key witnesses is more than just an inconvenience—it may render the action fundamentally unfair. *Id.* at 259.

***Ease Of Access To Evidence In The DR Favors Dismissal.*** To permit the issue of liability to be resolved in this Court would require the parties to engage in a daunting task as Helidosa intends to challenge the cause of the Accident. In this respect, while Helidosa concedes that the Accident would qualify as an Article 17 "accident" under the Montreal Convention, Helidosa intends to establish a defense limiting its liability under Article 21 of the Montreal Convention by proving that the Accident was solely due to the negligence or other wrongful act of a third-party – Gulfstream. Almost every crucial piece of evidence surrounding liability and Helidosa's defense is located in the DR:

✓ All of the relevant witnesses – (1) the Helidosa maintenance crew at JBQ, (2) Helidosa employees responsible for maintaining and inspecting the Aircraft prior to the Accident, (3) the Helidosa management, flight operations, technical operations and safety personnel, and (5) current and former aviation technicians and engineers involved in conducting technical inspection, servicing and maintenance on the Aircraft involved in the Accident. All of the witnesses located in the DR will require interpreters;

✓ The Aircraft wreckage;

✓ All liability-related documents related to the Accident (*e.g.*, Helidosa reports, witness statements, maintenance records and cabin defect logs, training/procedure manuals, and personnel files). Most of the relevant documents and records located in the DR will be in Spanish and will require translations;

33

✓ The accident was investigated by the Dominican authorities CIAA;

✓ All CIAA officials who investigated the Accident in the DR and issued a preliminary investigation report are located in the DR;

✓ The potential third-party defendant, *i.e.*, Gulfstream, is not subject to jurisdiction in the United States due to the General Aviation Revitalization Act of 1994 (GARA) (*see* further *infra*), but would be subject to DR jurisdiction.

Castillo Decl. at ¶¶ 40, 41, 43, 45.

Any other witnesses with relevant knowledge of the Accident as it pertains to the maintenance/repair of the spoiler-actuators are located in the DR and *not* in the U.S. These witnesses include:

✓ Helidosa ground handling, maintenance team and ramp personnel at JBQ who serviced the Aircraft and had contact with the pilot prior to departure; and

✓ All DR air traffic control personnel who had contact with the pilot prior to and after departure and before the Aircraft crashed.

Castillo Decl. at ¶ 41.

***Compulsory Process Over Witnesses In The DR.*** Almost all of the liability evidence related to the aircraft crew, operation, maintenance and repair is located outside of the United States, beyond this Court's subpoena power. While the DR is a party to the Hague Evidence Convention, the only way to enforce any discovery requests on any Dominican witnesses, such as Helidosa's engineers/maintenance technicians and grounds handlers and the CIAA officials who investigated the Accident who are crucial parties for Helidosa's defense and the issue of liability, would be through the "burdensome, costly, and time-consuming letters rogatory

34

process." *Quaak v. KPMG Bedrijfsrevisoren*, 361 F.3d 11, 21 & n. 4 (1st Cir. 2004); Guzman Decl. at ¶ 56-59. While Gulfstream is located in the U.S. (Georgia), obtaining discovery from Gulfstream in the U.S. for use in the DR proceedings is significantly less cumbersome. *See*, *e.g.*, 28 U.S.C. § 1782.

Given the sheer volume of the evidence located in the DR, including the fact that the official governmental investigation of the Accident by CIAA occurred in the DR, it would be imprudent to rely on non-binding principles of comity when defendants have presented the viable alternative of litigating in the forum where the evidence is more readily and easily accessible. *See, e.g., Tazoe*, 631 F.3d at 1331 (affirming *FNC* dismissal where court "lack[ed] the authority to compel certain witnesses to attend proceedings in that jurisdiction").

***Cost Of Obtaining Attendance In The U.S.*** The transportation and lodging expenses for witnesses to travel hundreds of miles to Florida to facilitate the production of documents is unwarranted and wasteful in light of the availability of the DR forum. *Newco MG, Inc. v. Perry*, 2012 WL 631562, at *3 (M.D. Fla. Feb. 28, 2012) (dismissing case where the cost of travel, hotels, and translation for willing witnesses would be greater in the United States than in the Dominican Republic). No liability witness or evidence is located in Florida.

***Examination Of Aircraft.*** The Aircraft that is central to this case and its examination by the parties can only occur in the DR where the aircraft is located.

*Fontaine,* 2016 WL 880527 at *5 (noting importance of site inspection in *FNC* analysis).

***Other Factors Make Trial In The U.S. Longer/More Expensive.*** Liability trials of this action in Florida would be impractical, complicated, extraordinarily time-consuming and expensive given that: (1) many, if not all, of the witnesses will require interpreters; (2) many of the documents are in Spanish requiring translation; (3) the parties will be required to call expert witnesses on DR legal issues; and (4) many of the DR witnesses may have difficulty/delays obtaining visas for travel to the U.S. for discovery or trial. Guzman Decl. at ¶¶ 56-59. *Kurdas v. Mendez,* 2016 WL 3459485, at *5 (M.D. Fla. June 24, 2016) (noting hardship of translating documents and witness testimony from Spanish into English).

The DR's interest in resolving lawsuits arising from injuries allegedly caused by its own nationals that occurred in the DR, far outweighs any interest the United States has in this matter, even taking into account that the Decedent allegedly resided in Florida. The "presence of American plaintiffs, however, is not in and of itself sufficient to bar a district court from dismissing a case on the ground of *forum non conveniens*; rather, a court must still conduct the *Piper Aircraft* balancing test." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983). The courts of the DR will have no difficulty applying the laws of the DR and conducting a trial, if necessary, to assess liability and the damages.

***Helidosa Cannot Assert A Claim Against Gulfstream In The U.S.*** Another compelling factor in favor of *FNC* dismissal is the fact that Helidosa is barred from asserting a claim against Gulfstream in the U.S. due to the General Aviation Revitalization Act ("GARA"), 49 U.S.C. § 40101 (note), "creates an eighteen-year statute of repose for all claims arising from accidents involving general aviation aircraft brought against the manufacturer." *Scott v. MD Helicopters, Inc.*, 834 F. Supp. 2d 1334, 1339 (M.D. Fla. 2011). A DR court, however, would have jurisdiction over Plaintiff's Montreal Convention claim, Helidosa, and Gulfstream, which would streamline this litigation. Guzman Decl. at ¶¶ 9, 43-44.

As noted *supra*, Helidosa intends to pursue and establish an Article 21 defense under the Montreal Convention[7] by showing that the Accident was solely caused due to the negligence or other wrongful act of Gulfstream and assert claims against Gulfstream for indemnification and contribution under DR law which can only be done in the DR. *Id.* at ¶¶ 9, 46.

Therefore, as almost all liability evidence is in the DR[8] (the location the Accident), all of Helidosa's alleged negligent conduct occurred in the DR and the

---

[7]    Pursuant to Article 21 of the Montreal Convention, Helidosa can limit its liability to 128,821 SDRs if it establishes that the damage solely was caused by the fault of a third party. *Delgado v. Delta Air Lines, Inc.*, 2013 WL 9838339, at *4 (S.D. Fla. Oct. 31, 2013).

[8]    The only other liability evidence that exists in the U.S. would be from Gulfstream regarding the manufacture of the Aircraft in Georgia. This pales in comparison to the plethora of evidence located in the DR.

DR is the only jurisdiction where all claims against all possible parties can be pursued, the private factors weigh in favor of dismissal.

## 2. Public Interest Factors Strongly Favor Dismissal To The DR

The public interest factors that the Court should consider include: (1) administrative difficulties associated with court congestion; (2) unfairness of imposing jury duty on a community with no relation to the litigation; (3) "local interest" in having localized controversies decided at home; and (4) avoiding difficult problems in conflict of laws and the application of foreign law.  *Gulf Oil Corp., v. Gilbert*, 330 U.S. 501, 508-09 (1947).  All of these public interest factors weigh heavily in favor of dismissal.

***The DR has No Administrative Difficulties or Court Congestion.***  Litigating claims in the DR presents no administrative difficulties associated with court congestion. In fact, an action filed in the DR is typically decided within ten (10) to eighteen (18) months from filing to decision. Guzman Decl. at ¶ 26. Further, a trial in the DR will dispose of the need of the lengthy and time-consuming process of letters rogatory and will facilitate a more prompt resolution of the case as all relevant evidence and witnesses are located in the DR. *Id.* at ¶¶ 56 - 59.

***Burden on U.S. Courts And Juries With This Litigation.***  Retaining this action in the U.S. would impose considerable and unwarranted burdens on this Court and Florida citizens, whose tax dollars would have to support the expense of trying

this case and whose time would be taken up by sitting as jurors. *Rosen v. Execujet Servs. LLC*, 241 F. Supp. 3d 1303, 1315 (S.D. Fla. 2017) (FNC dismissal where Florida resident died in the Bahamas). Moreover, a trial in the DR would proceed more expeditiously because the majority of relevant evidence and witnesses are located in the DR. Castillo Decl. at ¶¶ 35-47.

*The DR Has An Extremely Strong Interest In Deciding This Litigation.* The DR has a compelling and extremely strong interest in this Accident as claims of wrongdoing have been alleged against its own national. The Accident and all alleged negligence occurred in the DR, the Accident was investigated by DR authorities, the Aircraft was operated by a DR company and a DR flight crew, the air carrier and flight crew were licensed by the DR authorities, and the Aircraft and its components *i.e.,* the actuator/spoilers were maintained, repaired, and inspected in the DR prior to the Accident. *Goldstein v. Hard Rock Cafe Int'l (USA), Inc.*, 519 F. App'x 653, 654 (11th Cir. 2013) (DR court had a substantial interest in case involving personal injury to a United States citizen where the accident occurred in the forum).

*Dismissal Avoids The Problems Associated With Conflicts Of Laws.* Dismissal is favored when "the court would be required to 'untangle problems in conflicts of law, and in law foreign to itself.'" *Piper Aircraft*, 454 U.S. at 260 (transferring a case to a foreign court, in part, because "[t]he accident occurred in its airspace"); *see Goldstein*, 519 F. App'x at 655. As the Accident and any alleged

negligent conduct by Helidosa occurred in the DR, Dominican law would apply to determine the rights and liability of the parties and damages under Florida choice of law rules. *Hinkle v. Continental Motors, Inc.*, 2019 WL 6620467, at *6 (M.D. Fla. Jan. 14, 2019) ("In personal injury cases, the assumption is that the law of the place of injury governs . . .").

## CONCLUSION

For the foregoing reasons, the motion of Defendant Helidosa should be granted in all respects.

Dated: May 7, 2024

Respectfully submitted,

**Clyde & Co US LLP**

*/s/Clayton W. Thornton*
**Clayton W. Thornton**
Florida Bar No. 105609
Clayton.Thornton@clydeco.us
**David A. Wagner**
Florida Bar No. 102611
David.Wagner@clydeco.us
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Tel: 305-446-2646
Fax: 305-441-2374

**Clyde & Co US LLP**
**Andrew J. Harakas** (*Pro Hac Vice* filed)
**Stephanie M. Revilla** (*Pro Hac Vice* filed)
405 Lexington Avenue
New York, NY 10174
Tel: (212)710-3900
Fax: (212) 710-3950
Andrew.Harakas@clydeco.us
Stephanie.Revilla@clydeco.us

Counsel for Defendant
*Helidosa Aviation Group, S.A*

40

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that counsel for Defendant Helidosa Aviation Group, S.A., has conferred with counsel for Plaintiff via phone regarding the relief sought in the instant Motion and that Plaintiff opposes the relief sought in the instant Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 7th day of May, 2024, via transmission of Notices of Electronic Filing generated by CM/ECF, on all counsel or parties of record registered with the Court.

_/s Clayton W. Thornton_
Clayton W. Thornton