## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KEIGELYAN HERNANDEZ,**

**Plaintiff,**

**v.**                                                           **Case No: 6:23-cv-2402-GAP-EJK**

**HELIDOSA AVIATION GROUP,
S.A.,**

**Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Renewed Motion for Leave to

Take Limited Jurisdictional Discovery (the "Motion), filed May 13, 2024. (Doc. 58.)

On May 24, 2024, Defendant filed its Response in opposition to the Motion. (Doc.

60.) Upon consideration, the Motion is due to be granted.

### I.    STANDARD

The Eleventh Circuit has stated:

> District courts have the power to order the discovery of facts
> necessary to determine their jurisdiction over the
> merits. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th
> Cir. 1982). Plaintiffs have "a qualified right to conduct
> jurisdictional discovery." *Posner v. Essex Ins. Co., Ltd.*, 178
> F.3d 1209, 1214 n.7 (11th Cir. 1999). Jurisdictional
> discovery is appropriate when there is a dispute about the
> "facts that would support [the plaintiff's] allegations of
> jurisdiction." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724
> F.2d 901, 903 (11th Cir. 1984).

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878

(11th Cir. 2018) (unpublished).

## II.   DISCUSSION

In the Motion, Plaintiff seeks leave to conduct limited jurisdictional discovery

in response to Defendant's Motion to Dismiss (Doc. 55), which raises challenges to

the Court's personal jurisdiction and a *forum non conveniens* argument. (Doc. 58.)

Plaintiff argues that the Court should allow jurisdictional discovery because:

> In support of its Motion, Defendant submits evidence in the
> form of two declarations: one from Gonzalo Alexander
> Castillo, Chief Executive Officer of Helidosa, and the other
> from Lucas Guzman, a lawyer in the Dominican Republic.
> . . . [a]lthough Plaintiff made a good faith effort to gather
> facts supporting the Court's exercise of personal jurisdiction
> over Helidosa prior to filing her Amended Complaint and
> believes that the facts alleged in the Amended Complaint
> are sufficient to support jurisdiction here, Defendant has
> responded by disputing these facts.

(*Id*. at 6–7.) Although Defendant argues jurisdictional discovery should not be allowed

because most of the facts in Plaintiff's Amended Complaint are not disputed in

Defendant's Motion to Dismiss (Doc. 55), this is not the relevant inquiry in

determining whether jurisdictional discovery should be permitted. (Doc. 60 at 5.)

Instead, the relevant inquiry is whether allowing jurisdictional discovery will give

Plaintiff an opportunity to discover additional facts that would support her existing

allegations of personal jurisdiction. *See Exhibit Icons, LLC v. XP Co., LLC*, No. 07-80824-

CIV, 2008 WL 616104, at *2 (M.D. Fla. Mar. 3, 2008) ("[J]urisdictional discovery is

highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.") (collecting cases).

Likewise, Defendant's quote from *Amerifactors Financial Group, LLC, v. Enbridge, Inc.*, in support of the contention that the Court need not look beyond the pleadings and should decide Defendant's Motion to Dismiss on the basis of the "affidavits alone" is not persuasive here, as the full quote from the case states: "A district court may decide a motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Amerifactors Fin. Grp. LLC, v. Enbridge, Inc.*, No. 6:13-cv-1446-Orl-22TBS, 2013 WL 5954777, at *4 (M.D. Fla. Nov. 7, 2013) (quoting *Shakour v. Fed. Rep. of Germany*, 199 F. Supp. 2d 8, 14–15 (S.D.N.Y. 2002) (internal quotation and citation omitted)). Further, the Court need not look to Second Circuit precedent when precedent from courts in the Eleventh Circuit establish that jurisdictional discovery is highly favored. *Exhibit Icons, LLC*, at 2008 WL 616104, at *2 (collecting cases).

Plaintiff seeks jurisdictional discovery to explore Defendant's contacts with third parties located in Florida, such as "airports, maintenance facilities, and other local businesses in the forum." (Doc. 58 at 9.) Additionally, since Plaintiff alleges that Defendant operates air ambulance services in Florida in addition to chartered flights, Plaintiff seeks jurisdictional discovery as to Defendant's contacts with Florida in providing this ambulance flight service in Florida. (*Id.* at 9–10.) The Court finds that limited jurisdictional discovery is appropriate in this matter. Mindful of the potential

for jurisdictional discovery to become the "fishing expedition" that Defendant fears

(Doc. 60 at 4), the Court will limit any jurisdictional discovery as follows:

- One four-hour Rule 30(b)(6) corporate representative deposition of Defendant Helidosa Aviation Group, S.A., regarding its contacts with the State of Florida,
- One set of interrogatories and one set of requests for production limited to jurisdictional issues; and
- Third-party subpoenas that relate to jurisdictional issues.

## III.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Renewed Motion for Leave to

Take Limited Jurisdictional Discovery (Doc. 58) is **GRANTED**, as set forth herein.

The parties have until **September 16, 2024**, to conduct the jurisdictional discovery

outlined above. Plaintiff's response to Defendant's Motion to Dismiss (Doc. 55) is due

on or before **September 30, 2024**.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE